IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| DENNIS BAK, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Civil Action No.: |
| SAR USA CORP., | ) ) ) |
| Defendant. | ) ) ) |

## COMPLAINT

COMES NOW the Plaintiff, DENNIS BAK ("PLAINTIFF"), and files this Complaint against DEFENDANT SAR USA CORP. (collectively "DEFENDANT"), respectfully stating unto the Court the following:

## GENERAL ALLEGATIONS

1. This is a cause of action to recover back pay, liquidated damages, attorney fees, costs of litigation and other relief from DEFENDANT for violation of the Fair Labor Standards Act ("FLSA") and breach of contract.

2. At all material times, PLAINTIFF was a citizen and resident of Florida.

3. At all material times, DEFENDANT was a Florida corporation that imported and sold firearms with a registered agent located in Middleburg, Florida.

## BACKGROUND

4. PLAINTIFF brings this action to require DEFENDANT to pay back wages owed to PLAINTIFF, which DEFENDANT failed to pay in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq*.

5. At all relevant times, DEFENDANT acted through its officers, agents, servants and employees.

6. Upon information and belief, at all relevant times, DEFENDANT had annual revenue in excess of $500,000 and two or more employees, including PLAINTIFF, who regularly handled goods that moved in or were produced for interstate commerce.

7. At all relevant times, DEFENDANT was an enterprise engaged in commerce as defined at 29 U.S.C. § 203.

8. At all relevant times, DEFENDANT was an employer within the meaning of the FLSA.

9. Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331, 1337 and by 29 U.S.C. § 216.

10. In or around June 2020, DEFENDANT hired PLAINTIFF to work as its Warehouse/Logistics Manager. After one year, DEFENDANT promoted PLAINTIFF to the position of Director of Operations. As Director of Operations, part of PLAINTIFF'S job duties included helping DEFENDANT to open a distribution center in Miami, Florida.

11. PLAINTIFF resigned his employment with DEFENDANT and his last day was on or about January 14, 2023.

12. The FLSA in part requires an employer to pay its employees at a rate of at least minimum wage for all hours worked.

13. DEFENDANT violated the minimum wage provisions of the FLSA by failing to pay PLAINTIFF at all for the days he worked in January 2023.

14. PLAINTIFF therefore is owed compensation for time actually worked but for which he was not paid by DEFENDANT, which willingly and knowingly withheld those

wages.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT

15. The General Allegations and Background above are hereby incorporated by reference as though fully set forth herein.

16. DEFENDANT regularly engages in commerce and its employees, including PLAINTIFF, handled and used materials, which have moved in international and interstate commerce.

17. At all relevant times, DEFENDANT was an employer within the meaning of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq*. and is subject to the provisions of the Act.

18. PLAINTIFF performed work for DEFENDANT for which he did not receive appropriate compensation.

19. More specifically, DEFENDANT violated the minimum wage provisions of the Fair Labor Standards Act by not paying PLAINTIFF for the time he worked in January 2023.

20. Upon information and belief, DEFENDANT'S pay system was unilaterally imposed upon PLAINTIFF by DEFENDANT.

21. DEFENDANT'S failure to compensate PLAINTIFF for all of his work at a rate of at least minimum wage violates the provisions of the FLSA and the regulations thereunder.

22. DEFENDANT'S failure to compensate PLAINTIFF was a willful and knowing violation of the Act.

23. As a result of DEFENDANT'S willful and knowing failure to properly compensate PLAINTIFF, he has suffered substantial delay in receipt of wages owed and damages.

24. Pursuant to 29 U.S.C. §§206, 207 and 216, DEFENDANT owes PLAINTIFF compensation at a rate of minimum wage for every hour he worked for which he was not paid at least minimum wage and an additional equal amount as liquidated damages, together with an additional sum for attorney's fees and costs of litigation.

25. All conditions precedent to maintaining this action have occurred or otherwise been waived.

WHEREFORE, PLAINTIFF demands judgment against DEFENDANT and respectfully prays the Court that PLAINTIFF will recover unpaid wages, liquidated damages, pre- and post-judgment interest, nominal damages, attorney fees, and other relief by reason of DEFENDANT'S violations of the FLSA; for a trial by jury on all issues so triable, and, for such other and further relief as the Court may deem just and proper.

## COUNT II
## BREACH OF CONTRACT

26. The General Allegations and Background above are hereby incorporated by reference as though fully set forth herein.

27. In or around June 2021, PLAINTIFF and DEFENDANT entered into an agreement pursuant to which PLAINTIFF was to be compensated at the monthly rate of $11,250. In addition, PLAINTIFF was to receive two weeks of vacation, reimbursement for health insurance expenses (up to $700 per months), reimbursement for mileage and a bonus.

28. PLAINTIFF worked as he was required to work by the contract[1] between PLAINTIFF and DEFENDANT but DEFENDANT breached its agreement with PLAINTIFF as follows:

    (a) DEFENDANT failed to pay PLAINTIFF his accrued vacation time of two weeks;

    (b) DEFENDANT failed to pay PLAINTIFF his salary for the time he worked in January 2023;

    (c) DEFENDANT failed to pay PLAINTIFF his annual bonus; and

    (d) DEFENDANT failed to reimburse PLAINTIFF for his mileage traveling between Miami and Auburn, Alabama (642.5 miles each way) and PLAINTIFF made that trip for DEFENDANT two times per month for six months.

29. As a result of DEFENDANT'S failure to pay PLAINTIFF properly, PLAINTIFF has suffered delay in receipt of his wages and has been required to retain an attorney to help get his pay and DEFENDANT is required to pay PLAINTIFF'S attorney's fees pursuant to Florida Statute § 448.08.

WHEREFORE, PLAINTIFF demands judgment against DEFENDANT and respectfully prays the Court that PLAINTIFF will recover unpaid wages and other compensation, mileage reimbursement, nominal relief, pre- and post-judgment interest, attorney fees, and other relief by reason of DEFENDANT'S breach of contract; for a trial by jury on all issues so triable and, for such other and further relief as the Court may deem just and proper.

Dated: February 20, 2023

---

[1] PLAINTIFF does not have a signed copy of his contract but believes DEFENDANT has a copy.

Respectfully submitted,

**THE LAW OFFICE OF MATTHEW BIRK**

**/s/ Matthew W. Birk**
**Matthew W. Birk**
Florida Bar No.:  92265
2112 SW 34th Street
#103
Gainesville, FL  32608
(352) 244-2069
(352) 372-3464 FAX
mbirk@gainesvilleemploymentlaw.com
ATTORNEYS FOR PLAINTIFF